FILED
United States Court of Appeals
Tenth Circuit

April 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL LEON JAMESON,

Defendant-Appellant.

No. 08-5170
(D.C. No. 4:08-CR-00070-GKF-1)
(N. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **HENRY**, Chief Judge, **SEYMOUR**, and **HOLMES**, Circuit Judges.

Michael Leon Jameson appeals the district court's overruling of his motion to suppress evidence obtained in the search of his home, contending the affidavit underlying the warrant "failed to show that the prohibited material sought had moved across state lines." Aplt. Br. at 9. The district court denied the motion, reasoning that the affidavit provided probable cause for the issuance of the search warrant authorizing the search. We agree and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

On November 28, 2007, Officer W. Scott Gibson, a Task Force Officer of the Federal Bureau of Investigation assigned to the Oklahoma City Field Office Innocent Images National Initiative, conducted a peer-to-peer ("P2P") network search for shared files associated with child pornography images. During the course of this search, he observed internet protocol ("IP") address 68.12.48.190 offering a list of files containing titles consistent with those given to child pornography. Officer Gibson downloaded the files and determined that they contained child pornography. He then submitted an administrative subpoena to Cox Communications, the internet server provider, seeking the subscriber information for the named IP address during the time frame he obtained the files. Cox identified the subscriber as Michael Jameson, resident of 7916 S. 85th E. Ave., Tulsa, Oklahoma. Asserting that some of the images he obtained were "images that can be shown to have traveled in interstate and/or foreign commerce," Aplt. App. at 16-17 ¶ 33-34, Officer Gibson sought and obtained a search warrant for Mr. Jameson's address.

Officer Gibson executed the warrant at Mr. Jameson's residence, recovering a computer containing images of suspected child pornography. Mr. Jameson was indicted for possessing graphic image files, which had been transported by computer in interstate commerce, of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

Mr. Jameson filed a motion to suppress the evidence gained from the search

of his residence contending the warrant failed to establish probable cause because it merely stated in a conclusory fashion that the images on Mr. Jameson's computer "can be shown to have traveled in interstate or foreign commerce," Aplt. App. at 5, without any facts to support that conclusion. Following a hearing on the merits, the district court denied the motion. Mr. Jameson entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to suppress.

On an appeal from the denial of a motion to suppress, we review the factual findings for clear error, viewing the evidence in the light most favorable to the government. *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005). We review the issuing magistrate judge's findings of probable cause "very deferential[ly]," searching only for a "substantial basis" that the underlying affidavit established probable cause. *United States v. Riccardi*, 405 F.3d 852, 860 (10th Cir. 2005).

As we observed in *United States v. Schaefer*, 501 F.3d 1197, 1200 (10th Cir. 2007), to sustain a conviction under 18 U.S.C. § 2252(a)(2) or (a)(4)(B), the government must "establish that in committing the offense, a visual image 'has been mailed, or has been shipped or transported in interstate or foreign commerce . . . by any means including by computer.'" We held there that use of the internet, standing alone, did not satisfy the interstate commerce element of the

2007 version of 18 U.S.C. § 2252(a)(2) and (a)(4)(B).[1]  *Id.* at 1200-01.  Relying

on *Schaefer*, Mr. Jameson reiterates his argument that Officer Gibson's affidavit

"presented *no* facts concerning interstate nexus, only a conclusory statement that

such facts 'can be shown.'"  Aplt. Br. at 12 (emphasis in original) (citation

omitted).  Accordingly, he contends the affidavit failed to establish there was

probable cause to believe the child pornography had been transported in interstate

commerce.  We are not persuaded.

Mr. Jameson's reliance on *Schaefer* is misplaced.  "There is a large

difference between the two things to be proved (guilt and probable cause), as well

as between the tribunals which determine them, and therefore a like difference in

the quanta and modes of proof required to establish them."  *United States v.*

*Ventresca*, 380 U.S. 102, 108 (1965) (observing that hearsay may serve as a basis

for a search warrant, notwithstanding its inadmissibility at trial) (internal

quotation marks and citation omitted); *see also United States v. Soderstrand*, 412

F.3d 1146, 1153 (10th Cir. 2005) ("[T]he quanta of proof appropriate in ordinary

judicial proceedings are inapplicable to the decision to issue a warrant." (citation,

---

[1]Congress subsequently amended the statute.  *Compare* 18 U.S.C. § 2252A (2006) ("Any person who knowingly mails, or transports or ships in interstate or foreign commerce by means, including by computer, any child pornography . . . ."), *with* 18 U.S.C. § 2252A (effective October 8, 2008) ("Any person who knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce *or in or affecting interstate or foreign commerce* by any means, including by computer, any child pornography . . . ." (emphasis added)).

internal quotation marks, and ellipsis omitted)). In *Schaefer*, we considered whether the defendant's mere use of the internet was sufficient to sustain a conviction, not whether there was probable cause to believe a crime had been committed. Mr. Jameson has offered no persuasive authority for an expansion of *Schaefer*'s rule to this context.

As the Supreme Court observed in *Illinois v. Gates* that "[p]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." 462 U.S. 213, 232 (1983). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *New York v. P. J. Video, Inc.*, 475 U.S. 868, 876 (1986) (internal alternations, quotation marks, and citation omitted).

Reviewing the affidavit, we note that it contained more than a mere "conclusory statement" regarding the alleged contraband's travel in interstate commerce. In Section I, the affidavit summarized the role of computers in the distribution and receipt of child pornography. Aplt. App. at 2-3. It then identified and defined peer-to-peer file ("P2P") file sharing, and described the process of P2P file sharing over the internet. *See id*. at 4-5. Section IV

articulated the factual basis underlying probable cause: the affiant conducted a keyword search on the P2P network using terms known to be associated with images of child pornography, *id*. at 8; he located a P2P user offering to share with a worldwide audience several files containing titles consistent with child pornography, *id*.; he downloaded those files from IP address 68.12.48.190, *id*. at 9; and he identified the user of IP address 68.12.48.190 as Michael Jameson. *Id*. Based on these facts, Officer Gibson's affidavit concluded that the images "can be shown to have traveled in interstate and/or foreign commerce." *Id*. at 9-10. As we recognized in *Schaefer*, "in many, if not most, situations the use of the Internet will involve the movement of communications or materials between states." 501 F.3d at 1201; *see id*. at 1207 ("virtually every transmission over the Internet (especially web site access) crosses state boundaries, and quite often international borders." (Tymkovich, J., concurring)). Viewing the affidavit through this lens, we conclude that Officer Gibson's affidavit provided a substantial basis sufficient to sustain the warrant.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge