FILED
United States Court of Appeals
Tenth Circuit

June 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

MICHAEL LEON JAMESON,

      Defendant - Appellant.

No. 12-5022
(D.C. Nos. 4:11-CV-00008-GKF-FHM
and 4:08-CR-00070-GKF-1)
(D. N.D. Okla.)

**ORDER DENYING REQUEST FOR A CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Michael Leon Jameson, a federal prisoner serving a 70-month sentence, pled

guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). In

an unsuccessful direct appeal,[1] he sought to have evidence obtained from the search of

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

[1] Jameson entered a conditional plea permitting him to appeal from the denial of his suppression motion. *United States v. Jameson*, 371 F. App'x 963, 964 (10th Cir. 2010).

his home suppressed. *United States v. Jameson*, 371 F. App'x 963 (10th Cir. 2010).

Proceeding pro se,[2] he then timely filed a 28 U.S.C. § 2255 motion to vacate his sentence. Therein, he raised numerous issues challenging his sentence,[3] including ineffective assistance of counsel.[4] Concluding he had either waived a collateral attack on his sentence under the terms of his plea agreement[5] or any alleged ineffective assistance of

---

[2] Because Jameson proceeds pro se, we construe his pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "do not assume the role of advocate. *Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (citations and internal quotation marks omitted).

[3] Issues 1 (allocution rights), 2 (length of sentence), 6 (enhancements to Sentencing Guidelines level), 7 ( subsequent change in the Guidelines), and 8 (flawed Guidelines) are collateral attacks on Jameson's sentence. The judge thoroughly and correctly analyzed these issues and concluded Jameson had knowingly and voluntarily waived them by executing his plea agreement. There was no miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (recognizing that bringing a § 2255 petition after waiving a post-conviction collateral attack in a plea agreement is analyzed by determining "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice").

[4] The ineffective-assistance claims fully addressed by the district judge include issues (3) trial counsel Mark Lyons's failure to challenge Jameson's sentence under USSG § 2G2.2, (4) sentencing counsel Stephen Jones's failure to challenge Jameson's sentence under USSG § 2G2.2, (5) Lyons's failure to object to Jameson's being placed in custody before sentencing, (9) Lyons's allegedly inducing Jameson to sign the plea agreement without reading it, (10) additional instances of Lyons's ineffectiveness, (11) sentencing failures by sentencing counsel, Stephen Jones, (12) Lyons's failure to inform Jameson of his appellate rights, and (13) Jones's failure to provide due diligence as sentencing counsel. Based on the written record of the change-of-plea proceedings and the contents of Jameson's voluntary plea agreement, the judge correctly concluded Jameson's allegations were factually inaccurate.

[5] Jameson complains about his attorney's performance at sentencing, but not in

counsel failed to meet the now familiar standard established in *Strickland v. Washington*, 466 U.S. 668 (1984),[6] the judge denied his motion. Jameson wants to appeal from that denial and has, accordingly, requested a Certificate of Appealability ("COA") from this court.[7]

We will issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires Jameson to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). In other words, he must demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *United States v. Bedford*,

---

negotiating the plea agreement or the waivers it contains. Therefore, he is bound by his plea agreement including the waiver of his right to seek relief under § 2255. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[6] The two-part *Strickland* test requires Jameson to show his (1) "counsel's representation fell below an objective standard of reasonableness" and (2) he was prejudiced by the deficient performance. 466 U.S. at 687-88. Application of the test permits a court to "proceed directly to the prejudice prong of the *Strickland* analysis." *United States v. Gonzalez*, 596 F.3d 1228, 1233 (10th Cir.) *cert. denied*, 131 S. Ct. 172 (2010). Significantly, Jameson has not even asserted a "reasonable probability that, but for counsel's [actions or omissions], he would not have pleaded guilty and would have insisted on going to trial," a necessary part of any showing of prejudice. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying the *Strickland* test for ineffective assistance to a guilty plea). He has failed to even allege, let alone establish, prejudice.

[7] Jameson applied for a COA in district court, but the judge did not address the issue. The government has not filed a brief. *See* 10th Cir. R. 22.1 (B).

628 F.3d 1232, 1234 (10th Cir. 2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rather than address the issues he raised before the district court in his § 2255 motion,[8] Jameson attacks the underlying affidavit supporting the search warrant and makes constitutional arguments based thereon. Those issues were or could have been raised on direct appeal. Some were addressed. *Jameson*, 371 F. App'x at 964-66. The others have been forfeited. *United States v. Gould*, 672 F.3d 930, 938 (10th Cir. 2012). Also, and for the first time, Jameson now makes spurious and conclusory arguments accusing government counsel of prosecutorial misconduct, in which his counsel somehow was complicit. We do not credit or consider them.

Jameson's attempt to rehash issues settled in a prior decision of this Court cannot meet § 2255's demanding requirements. *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 n.5 (10th Cir. 2012) (recognizing that a successive panel is "bound by prior panel decisions absent superseding en banc review or Supreme Court decisions"). Nor are forfeited arguments grist for the § 2255 mill. The denial of Jameson's § 2255 motion was not wrong; not even debatably so.

---

[8] There is one exception. Jameson now argues (as he did in the § 2255 proceedings in district court) that he was denied allocution rights. The argument has no merit. The judge reviewed the sentencing transcript, which "reflects that while the court denied defendant's right for variance before giving him an opportunity to make a statement, the court permitted Jameson to speak *before* sentence was imposed." (R. Vol. I at 405 n.1).

Jameson's application for a COA is DENIED, and this matter is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge