**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL LEON JAMESON,

      Defendant - Appellant.

No. 12-5023

N.D. Oklahoma

(D.C. No. 4:08-CR-00070-GK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

concluded unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

In 2008, Appellant Michael Leon Jameson pleaded guilty to possession of

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced

to seventy months' incarceration. Jameson filed both a direct appeal and a motion

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

for post-conviction relief pursuant to 18 U.S.C. § 2255, but the judgment of conviction and sentence have been upheld. *United States v. Jameson*, No. 12-5022, 2012 WL 2402650 (10th Cir. June 27, 2012) (§ 2255); *United States v. Jameson*, 371 F. App'x 963 (10th Cir. 2010) (direct appeal). On June 20, 2011, Jameson filed a pleading styled "Motion to Reverse Conviction and Acquit Under FRCrP Rules 33 & 29." In this motion, Jameson asserted that newly discovered evidence demonstrated: (1) the Government failed to prove the jurisdictional element of the charged crime, (2) the existence of Brady violations and prosecutorial misconduct, (3) the district court failed to permit him to allocute at sentencing, and (4) additional instances of ineffective assistance of counsel.

The district court first analyzed the claims by applying Rule 33 of the Federal Rules of Criminal Procedure, concluding the rule did not apply because Jameson pleaded guilty. *United States v. Lambert*, 603 F.3d 808, 809 (10th Cir. 1979) ("[T[he validity of a guilty plea cannot be questioned by way of a motion for new trial."). The court also concluded a Rule 33 motion was not the appropriate vehicle for Jameson's claims because, despite his characterization, he did not identify any newly discovered evidence. Additionally, the court noted that Jameson relieved the Government of its burden of proving the interstate commerce element of the crime charged by pleading guilty. The district court next discussed the application of Fed. R. Crim. P. 29, concluding the rule did not provide a basis for relief because it is only applicable in cases where a trial has

taken place. The court additionally noted that the fourteen day deadline for filing a Rule 29 motion had long expired. The court denied Jameson's motion in its entirety and this appeal followed.

Having reviewed Jameson's appellate brief; the applicable law; and the entire appellate record, including the district court's comprehensive order, we conclude the denial of Jameson's motion was proper. Accordingly, finding no reversible error, we **affirm** the district court's denial of Jameson's motion for substantially the reasons stated in the district court's order dated January 30, 2012.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
