**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LEON JAMESON,

       Petitioner - Appellant,

v.

CHARLES E. SAMUELS, JR., Director,

       Respondent - Appellee.

No. 13-6237
(D.C. No. 5:13-CV-00680-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Michael Leon Jameson pled guilty to possession of child pornography in violation

of 18 U.S.C. § 2252(a)(4)(B) and was sentenced to 70 months in prison.  Mr. Jameson

has collaterally challenged his conviction multiple times, including petitioning for relief

under 28 U.S.C. § 2255.

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

His most recent habeas petition—brought under 28 U.S.C. § 2241—attacks the legality of his conviction. Although courts generally are not allowed to consider § 2241 petitions on that ground, a narrow exception or "savings clause" permits consideration of a § 2241 petition when the opportunity to seek a remedy under § 2255 is deemed "inadequate or ineffective." *See* 28 U.S.C. 2255(e); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

The district court determined that Mr. Jameson failed to demonstrate how a § 2255 petition would be inadequate or ineffective and dismissed for lack of jurisdiction. He now appeals, arguing that his petition falls within § 2255's savings clause because he has no relief available other than under § 2241.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal for lack of jurisdiction.

## I. **BACKGROUND**

This court summarized the underlying facts of this case in one of its prior decisions:

> On November 28, 2007, Officer W. Scott Gibson . . . conducted a peer-to-peer ("P2P") network search for shared files associated with child pornography images. During the course of this search, he observed internet protocol ("IP") address 68.12.48.190 offering a list of files containing titles consistent with those given to child pornography. Officer Gibson downloaded the files and determined that they contained child pornography. He then submitted an administrative subpoena to Cox Communications, the internet server provider, seeking the subscriber information for the named IP address during the time frame he obtained the files. Cox identified the subscriber as Michael Jameson, resident of 7916 S.

85th E. Ave., Tulsa, Oklahoma. Asserting that some of the images he obtained were "images that can be shown to have traveled in interstate and/or foreign commerce," Officer Gibson sought and obtained a search warrant for Mr. Jameson's address.

Officer Gibson executed the warrant at Mr. Jameson's residence, recovering a computer containing images of suspected child pornography.

*United States v. Jameson*, 371 F. App'x 963, 964 (10th Cir. 2010) (unpublished) (citations omitted).

Police did not locate the files listed in the search warrant, but they did find other files containing child pornography on Mr. Jameson's computer. As a result, Mr. Jameson was indicted for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

Mr. Jameson filed a motion to suppress the images found on his computer, arguing that the search warrant failed to establish probable cause because it merely stated in a conclusory fashion that the images can be shown to have traveled in interstate or foreign commerce without any facts to support that conclusion. *Jameson*, 371 F. App'x at 964. After losing the motion to suppress, Mr. Jameson pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and was sentenced to 70 months in prison.

Mr. Jameson sought to overturn his conviction at least four times. He filed (1) a direct appeal of his motion to suppress;[1] (2) a motion for acquittal and a new trial under

---

[1] *See Jameson*, 371 F. App'x at 963.

Federal Rules of Criminal Procedure 29 and 33;[2] (3) a habeas petition under § 2255;[3] and (4) a motion for a new trial under Federal Rule of Civil Procedure 60(b).[4] Each was denied or dismissed.

The § 2241 petition before us is Mr. Jameson's fifth attack on his conviction.[5] Mr. Jameson alleges his defense counsel and the prosecutor colluded to conceal from him that none of the child pornography files found on Mr. Jameson's computer matched the downloaded files that were the basis for the search warrant. He asserts he would not have pled guilty if he had been aware of the alleged collusion. He also contends that because the search did not locate any of the files downloaded by Officer Gibson, the search warrant lacked probable cause, making his conviction unconstitutional and establishing his actual innocence.

---

[2] *See United States v. Jameson*, 473 F. App'x 864 (10th Cir. 2012) (unpublished).

[3] *See United States v. Jameson*, 485 F. App'x 958 (10th Cir. 2012) (unpublished).

[4] *See United States v. Jameson*, No. 4:08-cr-00070-GKF-FHM, 2012 WL 966454 (N.D. Okla. Mar. 21, 2012), ECF No. 129. There is no indication that Mr. Jameson appealed this decision by the district court.

[5] At the district court level, Mr. Jameson filed his § 2241 petition pro se. We therefore construe his petition liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). At the appellate level Mr. Jameson is represented, and "formal pleadings drafted by lawyers"—such as Mr. Jameson's appellate brief—are held to normal standards. *Erickson*, 551 U.S. at 94.

The district court[6] did not reach the merits of Mr. Jameson's § 2241 petition. It instead dismissed for lack of jurisdiction, reasoning that Mr. Jameson failed to show why a § 2255 petition would be inadequate or ineffective to challenge Mr. Jameson's conviction. *See* 28 U.S.C. § 2255(e).

## II. **DISCUSSION**

### A. *Standard of Review and Applicable Law*

"'We review the district court's dismissal of a § 2241 habeas petition de novo.'" *Brace*, 634 F.3d at 1169 (quoting *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).

A federal prisoner may challenge the legality of his or her underlying conviction by filing a habeas petition under 28 U.S.C. § 2255. *Brace*, 634 F.3d at 1169. Prisoners are usually given only one chance to have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Second or successive § 2255 petitions, however, are allowed under certain circumstances, including when there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

---

[6] Pursuant to a referral under 28 U.S.C. § 636(b)(1)(B), Mr. Jameson's petition was first considered by a magistrate judge, who issued a report and recommendation. Report and Recommendation, *Jameson v. Samuels*, No. 5:13-cv-00680 (W.D. Okla. Aug. 13, 2013), ECF No. 11.

The district court issued a short order that adopted the report and recommendation "in its entirety . . . for the reasons announced therein." Order Adopting Report and Recommendation, at 1, *id.*, ECF No. 16.

We refer to the underlying report and recommendation as the decision issued by the district court.

that no reasonable factfinder would have found the movant guilty of the offense . . . ." 28 U.S.C. § 2255(h)(1).

A prisoner may also challenge the execution of his or her sentence by filing a habeas petition under 28 U.S.C. § 2241. *Brace*, 634 F.3d at 1169. A § 2241 petition generally cannot be used to challenge the validity of the underlying conviction. *Id.*; *see also Prost*, 636 F.3d at 580 ("[P]risoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). There is, however, a narrow exception, often referred to as the § 2255 "savings clause": a federal prisoner may file a § 2241 petition only if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [a movant's] detention." 28 U.S.C. § 2255(e); *see also Prost*, 636 F.3d at 580. As we said in *Prost*, the question is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." 636 F.3d at 584.

Only in "extremely limited circumstances" will § 2255 be considered inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Section 2255 is not considered inadequate or ineffective merely because the result of a § 2255 petition is unsuccessful. *Prost*, 636 F.3d at 584-85. "[T]he mere fact [the movant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a petitioner may properly file a

§ 2241 petition. *Prost*, 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved and the petitioner has nowhere to file a § 2255 petition. *See Prost*, 636 F.3d at 588; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

The petitioner bears the burden of showing that the opportunity to seek a remedy under § 2255 is inadequate or ineffective. *Brace*, 634 F.3d at 1169. If the petitioner fails to do so, the court lacks jurisdiction to consider the petition on the merits. *See id.* at 1170.

## B. *Analysis*

The only issue before us is whether the district court properly dismissed Mr. Jameson's § 2241 petition for lack of jurisdiction. Mr. Jameson contends his § 2241 petition falls within the savings clause because he has no other available relief. This is because his new evidence of prosecutorial misconduct, ineffective assistance of counsel, lack of probable cause, and actual innocence is, by his own admission, Aplt. Br. at 15, insufficient to meet § 2255(h)(1)'s stringent standard for filing a second or successive petition: "to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).

Mr. Jameson's argument lacks merit. Although § 2255(h)(1) contemplates that new evidence may be a basis for a second or successive petition, when that evidence falls short, "'[f]ailure to obtain *relief* under § 2255 does not establish that the *remedy* so

provided is either inadequate or ineffective.'" *Prost*, 636 F.3d at 586 (emphasis and alteration in original) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). "The savings clause doesn't guarantee results, only process." *Id.* at 590. Mr. Jameson fails to demonstrate that the opportunity to seek a remedy under § 2255 is "genuinely absent." *Id.* at 588. The district court correctly dismissed his § 2241 petition for lack of jurisdiction.[7]

---

[7] Mr. Jameson directs us to dicta in *Prost*, which stated:

> Our holding is confined to circumstances where Congress has *not* authorized a second or successive motion. We leave open the question to what extent the savings clause might have an additional role to play in those second or successive collateral attacks authorized by subsection (h), potentially guaranteeing an effective and adequate opportunity to test those (authorized) claims. The question might arise if, for example, a second collateral attack based on newly discovered evidence could for some reason not be brought in the sentencing court, even though § 2255(h)(1) would permit it. But this question we need not decide in this case, given that Mr. Prost's present motion doesn't satisfy subsection (h), as he himself concedes.

*Id.* at 587 n.7 (emphasis in original). This passage does not help Mr. Jameson. As previously noted, and similar to Mr. Prost, he concedes his new evidence cannot satisfy the stringent requirements of § 2255(h)(1). Under these circumstances, Congress has *not* authorized a second or successive motion.

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Jameson's § 2241 petition for lack of jurisdiction.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge